UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL    'O'

| Case No. | 2:17-cv-00929-CAS(KKx) | Date | November 6, 2017 |
|---|---|---|---|
| Title | CURTIS W. PHILBERT V. DAVID I. SHULKIN | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Curtis Philbert, Pro Se | Karen Ruckert, AUSA |

**Proceedings:** DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT (Dkt. 20, filed October 3, 2017)

## I. INTRODUCTION

On May 12, 2017, plaintiff Curtis W. Philbert, proceeding pro se, filed this employment discrimination action against defendant David J. Shulkin, Secretary of the U.S. Department of Veterans Affairs ("VA"). Dkt. 1 ("Compl."). In his original complaint, plaintiff asserted claims for disparate treatment on the basis of sex and creation of a hostile work environment in violation of Title VII of Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), in addition to a claim for wage discrimination in violation of the Equal Pay Act of 1963, 29 U.S.C. §§ 216 et seq. ("EPA"). See id.

On August 15, 2017, plaintiff requested leave to file a "supplemental complaint" to add a new claim for retaliation. Dkt. 16. On September 19, 2017, following and order granting him leave to amend, plaintiff filed a document entitled "Motion to Amend Original Complaint (Amended Complaint)." Dkt. 18. The Court issued an order stating that it would construe the motion as plaintiff's amended complaint. Dkt. 19. In his First Amended Complaint ("FAC"), plaintiff asserts claims under Title VII for disparate treatment on the basis of national origin, hostile work environment, and retaliation based on plaintiff's prior Equal Employment Opportunity ("EEO") activity. He also asserts a claim for age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq. See dkt. 18 ("FAC").

On October 3, 2017, defendant filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Dkt. 20 ("Mot."). Plaintiff filed an opposition on October 11, 2017. Dkt. 21 ("Opp'n"). October 26, 2017,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-00929-CAS(KKx) | Date | November 6, 2017 |
| Title | CURTIS W. PHILBERT V. DAVID I. SHULKIN | | |

defendant filed a reply, dkt. 22 ("Reply"); and plaintiff, without seeking leave, filed an additional brief, dkt. 23. The Court held a hearing on November 6, 2017.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

### A. Allegations in the Operative FAC

The FAC alleges the following facts. Plaintiff is Trinidadian and over 40 years old. FAC at 10. In October 2005, after serving in the U.S. Army for almost 12 years, plaintiff was honorably discharged and soon thereafter started working at the VA Loma Linda Medical Center. Id. He is currently employed as a health technician. Id. at 12. Plaintiff asserts that he has satisfactorily performed his duties and responsibilities as expected by defendant. Id. at 6.

Plaintiff discovered the alleged discrimination during a meeting with a human resources officer and a VA representative on October 22, 2012. Id. at 5. Plaintiff alleges that he was not promoted from the GS-6 to GS-7 level and was paid at the GS-6 salary level while performing duties comparable to those of his "comparators."[1] Plaintiff further alleges that his position description was not updated at the same time as his comparators; the position description did not accurately reflect important job-related duties; and position description was altered after plaintiff filed a discrimination complaint to make it seem as though he was less independent than his comparators in terms of supervision. Id. at 7. Plaintiff believes that the alleged discrimination was a result of his prior EEO complaint of unlawful employment practices. Id. at 3.

Plaintiff further alleges that since at least 2008, defendant's "Responsible Management Officials" subjected him to an "ongoing hostile environment" causing him to suffer emotional distress. Id. at 14–15. Plaintiff alleges that the management officials provided him with "little" or "haphazard" support, which hindered his work so that he could not fully participate in most meal and rest breaks afforded to his comparators. Id. at 8. The management officials assigned plaintiff lower-level jobs and told him he could not perform the higher-level jobs assigned to his comparators. Id. at 14.

---

[1] In his original complaint, plaintiff specifically referred to his "female colleagues (comparators)" whereas the FAC does not explicitly identify the sex, national origin, or age of his "comparators." Compare Compl. ¶¶ 1–4 with FAC at 7.

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-00929-CAS(KKx) | Date | November 6, 2017 |
| Title | CURTIS W. PHILBERT V. DAVID I. SHULKIN | | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL    'O'

Plaintiff alleges that the management officials offered "inconsistent and shifting explanations" for the disparate treatment. The management officials also treated similarly situated employees who had not made EEO complaints more favorably. Id. at 4–5. Plaintiff alleges that these inconsistent statements, together with the "timing" of the discriminatory conduct and "comparative work-place evidence," supports an inference that the management officials "were motivated by retaliation." Id. at 4.

### B. Relevant Procedural History

On July 3, 2011, plaintiff filed an EEO administrative complaint (Case No. 200P-0605-2011103485) alleging "reprisal, harassment, and disparate treatment because of previous EEOC activities" in violation of Title VII, the EPA, and the Americans with Disabilities Act ("ADA"). Mot., Hudson Decl. ¶ 1, Ex. 1.[2] The VA adjudicated plaintiff's claims and issued a final agency decision dismissing the complaint on August 1, 2011. Id., Ex. 5. The decision states that plaintiff's complaint raised the following claim: "Whether on the bases of sex (male), disability, national origin (not identified), and reprisal (prior EEO), complainant was subjected to harassment/hostile work environment" in violation of Title VII. Id.

On December 10, 2012, plaintiff filed another EEO administrative complaint (Case No. 200P-0605-2013100328), alleging "continued discrimination, reprisal, and disparate treatment in terms and conditions of employment, which created a hostile work environment" in violation of Title VII. Hudson Decl., Ex. 2. The VA adjudicated these claims and issued a final agency decision dismissing the complaint on January 29, 2013. Id. ¶ 6. The decision describes plaintiff's claim as whether "[b]ased on national origin (Caribbean) and reprisal (prior EEO activity), complainant was subjected to harassment" under Title VII. Id.

Plaintiff appealed the VA's final agency orders to the EEOC, and the two cases were assigned to EEOC Administrative Judge ("AJ") Dennis Carter. See Opp'n, Ex. 4.[3] The issue in Case No. 200P-0605-2011103485 is as follows: "Complainant asserted that

---

[2] Corlyn Hudson ("Hudson") is the Chief of Employee Relations/Labor Relations at the VA Loma Linda Healthcare System.

[3] Exhibit 4 to the opposition is a letter to plaintiff from Diane Arkow Gross, Supervisory Administrative Judge for the Los Angeles District Office of the EEOC, dated June 22, 2017, in which she addresses several of plaintiff's complaints regarding the AJ's handling of the cases.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL 'O'

| Case No. | 2:17-cv-00929-CAS(KKx) | Date | November 6, 2017 |
|---|---|---|---|
| Title | CURTIS W. PHILBERT V. DAVID I. SHULKIN | | |

based on sex (male), he was discriminated against in violation of Title VII and the Equal Pay Act when he learned that his female coworkers were paid at the GS-7 level while he received GS-6 pay." Id. The issue in Case No. 200P-0605-2013100328 is "[w]hether complainant was discriminated against based on national origin (Caribbean) and reprisal (prior EEO activity) when on October 22, 2012, the complainant discovered his Position Description (PD) contained inaccurate information." Id.

On May 11, 2017, plaintiff submitted to the AJ a notice of intent to file suit in United States District Court with respect to Case No. 200P-0605-2011103485. Id. Plaintiff's original complaint was filed in this Court the following day. See Compl. On June 7, 2017, the AJ ruled that plaintiff's federal district court filing divested the EEOC of jurisdiction over both cases, which he determined to be inextricably intertwined, and dismissed the two pending cases. Opp'n, Ex. 4.

### III. LEGAL STANDARDS

#### A. Federal Rule of Civil Procedure 12(b)(1)

A motion pursuant to Rule 12(b)(1) motion tests whether the court has subject matter jurisdiction to hear the claims alleged in the complaint. Fed. R. Civ. P. 12(b)(1). Once a Rule 12(b)(1) motion has been raised, the burden is on the party asserting jurisdiction. Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778–79 (9th Cir. 2000). Such a motion may be "facial" or "factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). That is, a party mounting a Rule 12(b)(1) challenge to the court's jurisdiction may do so either on the face of the pleadings or by presenting extrinsic evidence for the court's consideration. See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

Facial attacks "confin[e] the inquiry to allegations in the complaint," while factual attacks "permit[] the court to look beyond the complaint." Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment," and "need not presume the truthfulness of the plaintiff's allegations." Safe Air for Everyone, 373 F.3d at 1039 (citations omitted). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Savage, 343 F.3d at 1039 n.2 (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-00929-CAS(KKx) | Date | November 6, 2017 |
| Title | CURTIS W. PHILBERT V. DAVID I. SHULKIN | | |

### B. Federal Rule of Civil Procedure 12(b)(6)

A motion pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

## IV. DISCUSSION

Defendant moves to dismiss the FAC on three grounds. First, defendant argues that plaintiff's ADEA claim should be dismissed pursuant to Rule 12(b)(1) because he failed to meet the jurisdictional prerequisites for bringing this claim in federal court. Mot. at 5–7. Second, defendant seeks to dismiss all of the plaintiff's Title VII and ADEA claims pursuant to Rule 12(b)(6) because plaintiff fails to allege sufficient facts to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-00929-CAS(KKx) | Date | November 6, 2017 |
| Title | CURTIS W. PHILBERT V. DAVID I. SHULKIN | | |

support all material elements of his claims. Id. at 7–15. Finally, defendants argue that the FAC is subject to dismissal as an improper "shotgun pleading."[4] Id. at 15.

As a preliminary matter, the Court notes that defendant's motion to dismiss is directed solely at the claims and facts alleged in the FAC. This is appropriate because an amended complaint supersedes the original complaint. See Ramirez v. Cty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("[A]n amended complaint supersedes the original, the latter being treated thereafter as non-existent. . . . In other words, the original pleading no longer performs any function.") (internal quotation marks and citations omitted); see also C.D. Cal. L.R. 15-2 ("Every amended pleading . . . shall be complete including exhibits. The amended pleading shall not refer to the prior, superseded pleading."). Accordingly, for the purposes of this motion, the Court looks only to the facts and claims alleged in the FAC.

### A. ADEA Jurisdictional and Exhaustion Requirements

The ADEA makes it unlawful "to discharge any individual or otherwise discriminate against any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). A federal employee seeking to pursue an ADEA action in federal court must proceed through one of two options. "In the first, an employee gives the [EEOC] notice of the alleged discriminatory act within 180 days, and gives notice of his intent to sue at least thirty days before commencing suit in a federal court." Whitman v. Mineta, 541 F.3d 929, 932 (9th Cir. 2008) (citing 29 U.S.C. §§ 633a(c), (d)). Upon receiving a notice of intent to sue pursuant to the ADEA, the EEOC "shall promptly notify all persons named therein as prospective defendants in the action and take any appropriate action to assure the elimination of any unlawful practice." 29 U.S.C. § 633a(d). "In the second option, an employee invokes the EEOC's administrative claims process, and then may appeal any loss therein to the federal court." Whitman, 541 F.3d at 932 (citing 29 U.S.C. §§ 633a(b), (c)). "If the employee goes through the administrative process, he must notify the EEO counselor within forty-five days of the alleged discriminatory conduct."

---

[4] "[S]hotgun pleadings, meaning pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses are generally unacceptable under Rule 8." Miller v. City of Los Angeles, No. CV 13-5148-GW(CWX), 2014 WL 12610195, at *4 (C.D. Cal. Aug. 7, 2014) (internal quotation marks and citation omitted). Although the FAC is not a model of clarity, the Court declines to dismiss the complaint as a "shotgun pleading" in light of plaintiff's pro se status.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL    'O'

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-00929-CAS(KKx) | Date | November 6, 2017 |
| Title | CURTIS W. PHILBERT V. DAVID I. SHULKIN | | |

Id. (citing 29 C.F.R. § 1614.105(a)). Failure to comply with this administrative exhaustion requirement is "fatal" to a plaintiff's discrimination claims. Kraus v. Presidio Trust Facilities Div./Residential Mgmt. Branch, 572 F.3d 1039, 1043 (9th Cir. 2009).

Plaintiff has not satisfied either prerequisite. First, plaintiff makes no indication in his pleadings or moving papers that he filed a notice of intent to sue with the EEOC regarding his ADEA claim.[5] The ADEA requires the EEOC to notify a defendant upon receiving such a notice; and defendant indicates that the VA Loma Linda Healthcare System regularly receives these notifications. However, defendant never received any such notice regarding plaintiff. See Hudson Decl., ¶¶ 11–12. Moreover, plaintiff did not assert any ADEA claims in either administrative EEO complaint underlying this action. In Case No. 200P-0605-2011103485, plaintiff asserted claims for discrimination based on sex in violation of Title VII and wage discrimination in violation of the EPA. Hudson Decl. ¶ 1, Ex. 1. And in Case No. 200P-0605-2013100328, plaintiff asserted claims for discrimination, retaliation, and hostile work environment under Title VII based on national origin and prior EEO activity. Id., Ex. 2. Neither EEO complaint asserts claims under ADEA. Thus, plaintiff failed to comply with either prerequisite to filing suit in federal court. See Whitman, 541 F.3d at 932.

Plaintiff argues that his ADEA claim should proceed because it is "reasonably related" to the other claims asserted in his EEO complaints. Opp'n at 14–19. Allegations of discrimination not included in a plaintiff's EEO complaint "may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." Green v. Los Angeles County Superintendent of Schools, 883 F.2d 1472, 1476 (9th Cir. 1989) (internal quotation marks omitted). In determining whether a new claim is reasonably related to prior allegations, the court determines "whether the original EEOC investigation would have encompassed the additional charges." Id. In making this determination, the court may consider the alleged basis of the discrimination, dates of the discriminatory acts, the alleged perpetrators, the

---

[5] The VA Loma Linda Healthcare System sent plaintiff two Notices of Rights and Responsibilities after he filed the EEO complaints. Each notice advises plaintiff that: "If you allege age discrimination, you have the right to file a lawsuit in Federal District Court, without filing a formal EEO complaint. Your lawsuit must be filed within 180 calendar days of the date of the alleged discriminatory act. However, you must first notify the [EEOC] . . . of your intent to do so, at least thirty (30) calendar days in advance of the filing of a lawsuit." Hudson Decl., ¶¶ 13–14, Exs. 7–8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:17-cv-00929-CAS(KKx) | Date | November 6, 2017 |
|---|---|---|---|
| Title | CURTIS W. PHILBERT V. DAVID I. SHULKIN | | |

locations of the acts, and whether the new acts are "consistent with the plaintiff's original theory of the case." B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1100 (9th Cir. 2002).

Having closely reviewed plaintiff's prior EEO complaints and both of the VA's reports investigating the allegations, see Hudson Decl., Exs. 1–4, the Court finds no indication that plaintiff ever alleged age discrimination. Thus, there is no reason to believe that the EEOC investigation would have encompassed ADEA violations. These allegations are not "reasonably related" to the prior EEO complaints and therefore plaintiff may not pursue the ADEA claim in this action. See Green, 883 F.2d at 1476; see also Pejic v. Hughes Helicopters, Inc., 840 F.2d 667, 675 (9th Cir. 1988) (concluding that because "Title VII and ADEA claims arise from entirely distinct statutory schemes," and the plaintiff's original Title VII complaint "contain[ed] no hint of age discrimination," plaintiff's ADEA claim was time barred).

In the alternative, plaintiff argues that he assumed the actions of defendant and the AJ gave him "implied consent" to proceed with his ADEA claim in federal court. Opp'n at 14–16. Plaintiff appears to allege that such implied consent was given when the AJ dismissed the pending EEO administrative complaints on June 7, 2017 due to plaintiff's filing of the original complaint in this Court. See id. However, the Court finds no support for the proposition that "implied consent" given by an opposing party or an administrative law judge could satisfy the prerequisites for filing an ADEA claim in federal court. See Whitman, 541 F.3d at 932.

Defendant requests that the Court dismiss plaintiff's ADEA claim with prejudice. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1126–31 (9th Cir. 2000) (en banc). However, if after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105–06 (9th Cir. 1995). Because plaintiff cannot now either timely exhaust the EEO administrative process nor file a timely notice of intent to sue with the EEOC concerning his age discrimination claim, the defects identified herein are not subject to cure.

Accordingly, defendant's motion to dismiss plaintiff's ADEA claim is **GRANTED**, and the claim is dismissed with prejudice and without leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-00929-CAS(KKx) | Date | November 6, 2017 |
| Title | CURTIS W. PHILBERT V. DAVID I. SHULKIN | | |

### B. Rule 12(b)(6) Motion to Dismiss Plaintiff's Title VII Claims

Defendant argues that plaintiff's Title VII claims should be dismissed because his allegations are conclusory and he fails to allege sufficient facts to support all material elements of these claims.[6] Mot. at 7–15. While the allegations in the FAC do not clearly explain the type of Title VII claims that plaintiff seeks to assert, the Court interprets the FAC as presenting three separate claims: (1) disparate treatment based on national origin, (2) creation of a hostile work environment, and (3) retaliation for prior EEO activity. Accordingly, the Court will address the sufficiency of the complaint's allegations as to each of these claims.

#### 1. Disparate Treatment Based on National Origin

Title VII prohibits employers from discriminating against an employee based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(a). An employee suffers "disparate treatment" under Title VII when he is "singled out and treated less favorably than others similarly situated" because of his membership in a protected class. McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1121 (9th Cir. 2004) (internal quotations omitted). To prove disparate treatment under Title VII, a plaintiff has the burden of proving a discriminatory motive on the part of the defendant. Id. A plaintiff may show intent by offering either "direct or circumstantial evidence demonstrating that a discriminatory reason more likely than not motivated [the employer]." Id. at 1122. "Direct evidence" is evidence which, if believed, proves a discriminatory motive without inference or presumption. Coghlan v. Am. Seafoods Co. LLC, 413 F.3d 1090, 1095 (9th Cir. 2005). "Circumstantial evidence, in contrast, is evidence that requires an additional inferential step to demonstrate discrimination." Id. To prove discriminatory intent through circumstantial evidence, a plaintiff must make a "specific" and "substantial" showing "that tends to show that the employer's proffered motives were not the actual motives because they are inconsistent or otherwise not believable." Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1222 (9th Cir. 1998).

A plaintiff can demonstrate discriminatory intent by relying on the burden-shifting framework established in McDonnell Douglas Corp. v. Green 411 U.S. 792, 802 (1973).

---

[6] In addition to seeking dismissal of plaintiff's ADEA claim on jurisdictional grounds, defendant argues that this claim should be dismissed pursuant to Rule 12(b)(6). Mot. at 7–15. Having already dismissed the ADEA claim with prejudice, the Court need not consider defendant's alternative arguments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL  'O'

| Case No. | 2:17-cv-00929-CAS(KKx) | Date | November 6, 2017 |
|---|---|---|---|
| Title | CURTIS W. PHILBERT V. DAVID I. SHULKIN | | |

Under this framework, a plaintiff can establish a prima facie case of Title VII discrimination by showing that (1) he belongs to a protected class; (2) he was performing his job satisfactorily; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably. Davis v. Team Elec. Co., 520 F.3d 1080, 1089 (9th Cir. 2008). Once a plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its allegedly discriminatory conduct. Vasquez v. Cty. of Los Angeles, 349 F.3d 634, 640 (9th Cir. 2003). If the defendant provides such a reason, the burden shifts back to the plaintiff to show that the employer's proffered reason is a pretext for discrimination. Id. Although the requirement that a plaintiff establish a prima facie case under McDonnell Douglas constitutes "an evidentiary standard, not a pleading requirement," Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002), the Court considers the elements of a prima facie case as relevant factors in determining the sufficiency of the complaint's factual allegations. See, e.g., Webb v. Cty. of Trinity, 734 F. Supp. 2d 1018, 1028 (E.D. Cal. 2010) (looking to elements of a prima facie employment discrimination case in analyzing a Rule 12(b)(6) motion to dismiss).

Here, plaintiff has pleaded sufficient facts to state a claim for disparate treatment based on national origin. First, plaintiff alleges he is Trinidadian and is therefore a member of a protected class. FAC at 10. Second, plaintiff alleges that he has satisfactorily performed his job duties. Id. at 6. Third, plaintiff alleges that he suffered adverse employment actions, for example, he allegedly was not promoted to the GS-7 salary level even though he was performing comparable duties. Id. at 6; see Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998) (describing an adverse employment action for purposes of a Title VII discrimination claim as a "a significant change in employment status, such as . . . firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.") And fourth, plaintiff alleges that his "comparators" were not subject to the same adverse employment actions. FAC at 7. Defendant argues that this nondescript reference to "comparators" is conclusory; and, given that the FAC refers to both national origin and age discrimination, it is impossible to determine whether plaintiff is referring to non-Trinidadians or individuals younger than himself. Mot. at 8. However, construing this allegation in the light most favorable to plaintiff as the non-moving party, the Court finds the FAC sufficiently clear to allege that plaintiff's "comparators" were non-Trinidadian. Thus, the FAC alleges sufficient facts to state a claim for disparate treatment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL    'O'

| Case No. | 2:17-cv-00929-CAS(KKx) | Date | November 6, 2017 |
|---|---|---|---|
| Title | CURTIS W. PHILBERT V. DAVID I. SHULKIN | | |

Accordingly, the Court **DENIES** defendant's motion to dismiss plaintiff's Title VII disparate treatment claim based on national origin.

### 2. Hostile Work Environment

To state a Title VII claim based on a hostile work environment, a plaintiff must allege (1) that he was subjected to verbal or physical conduct based on his national origin (the protected class alleged here); (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment. Galdamez v. Potter, 415 F.3d 1015, 1023 (9th Cir. 2005). A plaintiff must show both that the work environment was subjectively and objectively hostile. See Nichols v. Aztec Rest. Enters. Inc., 256 F.3d 864, 871–72 (9th Cir. 2001). In evaluating the objective hostility of a work environment, courts consider factors including the "frequency of discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Harris v. Forklift Systems, 510 U.S. 17, 23 (1993).

The facts alleged in the FAC are insufficient to support a hostile work environment claim. Plaintiff does not allege that he was subjected to any unwelcome verbal or physical conduct based on his national original, let alone any conduct that was so abusive that it altered the terms and conditions of his employment. See Galdamez, 415 F.3d at 1023. Instead, plaintiff appears to claim that defendant's management officials created a hostile work environment by failing to promote him, paying him less than his colleagues, altering his position description, not allowing him to perform certain jobs, providing him with "little" or "haphazard" support thereby hindering his daily work, and "infliction of emotional distress in terms and conditions of employment." FAC at 7–8. None of these discrete allegations are related to plaintiff's national origin, nor are they sufficiently severe or pervasive to alter the conditions of his employment and create an abusive work environment. Further, plaintiff's allegations regarding infliction of emotional distress are conclusory and lack factual support. Thus, the FAC fails to state a claim for hostile work environment.

Accordingly, the Court **GRANTS** defendant's motion to dismiss plaintiff's Title VII hostile work environment claim. Although the Court doubts plaintiff's ability to cure these defects, the Court will dismiss plaintiff's hostile work environment claim without prejudice and with leave to amend. See Noll v. Carlson, 809 F.2d 1446, 1448–49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-00929-CAS(KKx) | Date | November 6, 2017 |
| Title | CURTIS W. PHILBERT V. DAVID I. SHULKIN | | |

is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted).

### 3. Retaliation for Prior EEO Activity

It is a separate violation of Title VII for an employer to retaliate against an employee for complaining about employment practices made unlawful by Title VII. 42 U.S.C. § 2000e-3(a). "The elements of a prima facie retaliation claim are: (1) the employee engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between the protected activity and the adverse employment action." Davis, 520 F.3d at 1093–94. As to the causation element, "Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action." Univ. of Texas Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2521 (2013).

The causal link may be established by direct evidence or "inferred from circumstantial evidence, such as the employer's knowledge that the plaintiff engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision." Yartzoff v. Thomas, 809 F.2d 1371, 1375 (9th Cir. 1987). However, "timing alone will not show causation in all cases; rather, 'in order to support an inference of retaliatory motive, the termination must have occurred fairly soon after the employee's protected expression.' " Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1064–65 (9th Cir. 2002) (quoting Paluck v. Gooding Rubber Co., 221 F.3d 1003, 1009–10 (7th Cir. 2000); see e.g., Miller v. Fairchild Indus., 885 F.2d 498, 505 (9th Cir.1989) (prima facie case of causation was established when discharges occurred within 60 days days after EEOC hearings); Yartzoff, 809 F.2d at 1376 (sufficient evidence existed where adverse actions occurred less than three months after complaint filed, two weeks after charge first investigated, and less than two months after investigation ended).

Here, plaintiff sufficiently alleges that that he engaged in a protected activity and suffered an adverse employment action. Plaintiff indicates that he filed a complaint of unlawful employment practices, which resulted in a finding of discrimination by the EEOC. FAC at 3. As discussed above, plaintiff also alleges that he suffered at least one adverse employment action based on a failure to promote. Id. at 7. However, plaintiff fails to allege facts demonstrating causation. The FAC includes several conclusory allegations that defendant's management officials subjected him to the alleged adverse employment actions because of his prior EEO activity. For example, plaintiff alleges that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL  'O'

| Case No. | 2:17-cv-00929-CAS(KKx) | Date | November 6, 2017 |
|---|---|---|---|
| Title | CURTIS W. PHILBERT V. DAVID I. SHULKIN | | |

the retaliatory actions were "based . . . for the most part [on] my engagement in prior protected activities." Id. at 2. Plaintiff also alleges that the management officials' "inconsistent or shifting explanations that were given over time . . . [t]ogether with the timing that triggered" the alleged discrimination, "will show an inference" of the defendant's retaliatory motive. Id. at 4. But plaintiff fails to allege how the management officials' statements shifted or were otherwise inconsistent. Moreover, the FAC lacks any factual allegations concerning the actual timing of the prior EEO activity. Because the FAC does not allege sufficient facts to establish causation, plaintiff fails to state a claim for retaliation.

Accordingly, the Court **GRANTS** defendant's motion to dismiss plaintiff's Title VII retaliation claim without prejudice and with leave to amend.

## V.    CONCLUSION

In accordance with the foregoing, defendant's motion to dismiss is **GRANTED** in part and **DENIED** in part. Specifically, the motion is **GRANTED** as to plaintiff's ADEA claim, which is dismissed with prejudice and without leave to amend. The motion is also **GRANTED** as to plaintiff's Title VII hostile work environment and retaliation claims, which are dismissed without prejudice and with leave to amend. The motion is **DENIED** as to plaintiff's Title VII disparate treatment claim based on national original.

Plaintiff shall have until **December 4, 2017**, to file a Second Amended Complaint ("SAC") complying with the requirements of Rule 8. Plaintiff should clearly and fully explain the factual basis for each legal claim against defendant. Plaintiff may not re-allege any claims under the ADEA. However, it appears that plaintiff clearly intended to include in the FAC his claims for disparate treatment based on sex in violation of Title VII and wage discrimination in violation of the EPA. Accordingly, plaintiff may seek leave to amend to re-assert these claims in the SAC.

Plaintiff is cautioned that the SAC must be complete in itself, without relying on references to the original complaint or the FAC. Plaintiff is also strongly encouraged to consult with Public Counsel's Federal Pro Se Clinic, located in the Spring Street Federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                    'O'

| Case No. | 2:17-cv-00929-CAS(KKx) | Date | November 6, 2017 |
|---|---|---|---|
| Title | CURTIS W. PHILBERT V. DAVID I. SHULKIN | | |

Courthouse, 312 N. Spring Street, Room G-19, Main Street Floor, Los Angeles, CA 90012. Public Counsel may also be reached at (213) 385-2977.

**IT IS SO ORDERED**.

|  | 00 : 06 |
|---|---|
| Initials of Preparer | CMJ |