UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:17-cv-00929-CAS (KKx) | Date | April 20, 2018 |
|---|---|---|---|
| Title | CURTIS W. PHILBERT V. ROBERT WILKIE | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) – PLAINTIFF'S MOTION FOR
RECONSIDERATION (Dkt. 43, filed March 22, 2018)

The Court finds this matter appropriate for decision without oral argument.  Fed.
R. Civ. P. 78; C.D. Cal. L.R. 7–15. The hearing date of April 23, 2018, is hereby vacated
and the matter is taken under submission.

## I.    INTRODUCTION & BACKGROUND

On May 12, 2017, plaintiff Curtis W. Philbert, proceeding pro se, filed this
employment discrimination action against defendant David J. Shulkin, the United States
Secretary of Veterans Affairs ("VA").  Dkt. 1 ("Compl.").[1]  On November 20, 2017,
plaintiff filed the operative Second Amended Complaint asserting the following claims:
(1) disparate treatment on the basis of national origin in violation of Title VII of Civil
Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), (2) creation of a hostile
work environment in violation of Title VII, (3) retaliation for prior Equal Employment
Opportunity activity in violation of Title VII, (4) disparate treatment on the basis of sex
in violation of Title VII, and (5) wage discrimination in violation of the Equal Pay Act of
1963, 29 U.S.C. §§ 216 et seq. ("EPA").  Dkt. 26.

On December 13, 2017, plaintiff filed a motion to transfer his EPA claim to the
United States Court of Federal Claims pursuant to 28 U.S.C. § 1631.  Dkt. 29.  On
December 18, 2017, defendant filed a motion to dismiss plaintiff's second and fifth
claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. 31.  On January 23,
2018, the Court issued an order (1) denying plaintiff's motion to transfer, (2) granting
defendant's motion to dismiss plaintiff's Title VII hostile work environment claim and
dismissing the claim with prejudice, and (3) granting defendant's motion to dismiss

---

[1] Acting Secretary of Veterans Affairs Robert Wilkie, who was appointed on
March 28, 2018, is substituted for former Secretary Shulkin.  See Fed. R. Civ. P. 25(d).

plaintiff's EPA claim to the extent plaintiff seeks to recover unpaid wages prior to May 12, 2014. Dkt. 36 ("Order").

On March 22, 2018, plaintiff filed the instant motion for reconsideration of the Court's order denying his motion to transfer. Dkt. 43 ("Mot."). On March 29, 2018, defendant filed an opposition, dkt. 48 ("Opp'n"); and plaintiff filed a reply brief on April 1, 2018, dkt. 49 ("Reply"). Having carefully considered the parties arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARDS

Local Rule 7–18 sets forth the bases upon which the Court may reconsider the decision on any motion:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

C.D. Cal. L.R. 7–18.

Under 28 U.S.C. § 1631, whenever a "civil action is filed in a court . . .  and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . .  to any other such court in which the action . . .  could have been brought at the time it was filed or noticed."  The Ninth Circuit has held that a district court may transfer individual claims over which it lacks subject matter jurisdiction to the Court of Federal Claims pursuant to § 1631. See McGuire v. United States, 550 F3d 903, 912–14 (9th Cir. 2008). The Tucker Act vests exclusive jurisdiction in the Court of Federal Claims over claims against the United States for "liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The so-called "Little Tucker Act" provides an exception, vesting concurrent jurisdiction in district courts for civil actions or claims against the United States for $10,000 or less. Id. § 1346(a)(2).

Although the Court finds no controlling Ninth Circuit authority on this issue, the courts in the District of Columbia Circuit "have consistently held that claims against the United States brought pursuant to the EPA, or the [Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA")] more generally, must satisfy the jurisdictional requirements of the Tucker Act, 28 U.S.C. § 1491, or the Little Tucker Act, 28 U.S.C. § 1346(a)(2)." Johnson v. Lightfoot, 273 F. Supp. 3d 278, 287 (D.D.C. 2017) (collecting cases). Accordingly, "the Court of Federal Claims has exclusive jurisdiction to adjudicate all [EPA] claims in excess of $10,000 and, unless a plaintiff waives his claims in excess of $10,000, the district court [is] without jurisdiction to rule on their merits." Id. (quoting Waters v. Rumsfeld, 320 F.3d 265, 272 (D.C. Cir. 2003)). The Fifth Circuit has similarly held that EPA claims against federal agencies are subject to the Tucker Act's jurisdictional requirements. See Barnes v. Levitt, 118 F.3d 404, 410 (5th Cir. 1997). In addition, the Court of Federal Claims has held that the EPA constitutes a "money-mandating statute" providing a basis for the court to exercise jurisdiction pursuant to the Tucker Act.[2] Jordan v. United States, 122 Fed. Cl. 230, 238 (2015).

## III.   DISCUSSION

The Court previously denied plaintiff's motion to transfer his EPA claim because he had not demonstrated that his total damages would exceed $10,000 and thereby divest the Court of subject matter jurisdiction. Order at 4. Although plaintiff had not pleaded a sum certain, he asserted that his damages would exceed $10,000 based on "several years" of discrimination, but did not provide any supporting evidence to establish the amount in controversy. Id. In his motion for reconsideration, plaintiff contends that a "[new] material difference in fact or law" demonstrates that approximate damages for his EPA claim totals $11,662.79. Mot. at 3. Plaintiff has attached a copy of a "Back Pay Computation Summary Report" prepared using the back-pay calculator feature on the website of the United States Office of Personnel Management ("OPM"). Id., Ex. 10. Plaintiff has also attached OPM's General Schedule ("GS") pay tables for the Los Angeles–Long Beach, California locality pay area for the years 2014 through 2018. Id., Ex. 11.

---

[2] Unlike the EPA, Title VII specifically grants jurisdiction to the United States district courts. See 42 U.S.C. § 2000e–5(f)(3). It is also well established that the Court of Federal Claims does not have jurisdiction over Title VII claims. See Taylor v. United States, 113 Fed. Cl. 171, 173 (2013).

Defendant first asserts that the Court should deny the motion because plaintiff has again failed to comply with Local Rule 7–3, which requires a party contemplating the filing of any motion to contact opposing counsel at least seven days prior to filing the motion in order to thoroughly discuss its substance and a potential resolution. Opp'n at 1–2, Declaration of Karen P. Ruckert ¶ 2. The Court previously admonished plaintiff for failing to meet and confer with opposing counsel prior to filing his motion to transfer. See Order at 3. Although the Court will consider the instant motion, the Court (1) admonishes plaintiff to abide by the Local Rules in future proceedings, and (2) warns plaintiff that failure to meet and confer prior to filing motions constitutes grounds for denial of a motion or imposition of other monetary or non-monetary sanctions.

Defendant further contends the motion should be denied on the merits because plaintiff's back-pay calculation is not supported by sufficient evidence and does not constitute a valid basis for reconsideration under Local Rule 7–18. Opp'n at 3–4. Defendant argues that the purported "new" evidence—a back-pay calculation and OPM salary tables—is not a material difference of fact which "in the exercise of reasonable diligence could not have been known" to plaintiff at the time of the Court's Order. C.D. Cal. L.R. 7–18(a). Nor do the calculations or pay tables constitute "new material facts . . . occurring after" the Court's decision. Id. 7–18(b). As defendant indicates, this Court has previously noted that "the failure to introduce documents supporting [a motion or] an opposition to a motion does not transform any future tardy filings into 'newly discovered evidence.' " United States v. Lavender, No. 2:13-CV-08914-CAS, 2015 WL 1781347, at *2 (C.D. Cal. Apr. 20, 2015) (quoting School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993).

Although the Court agrees that plaintiff's back-pay calculation would not ordinarily constitute a valid basis for reconsideration, plaintiff has presented evidence that implicates the Court's subject matter jurisdiction. "[F]ederal courts have a duty to raise and decide issues of subject matter jurisdiction *sua sponte*, if at any time it appears that subject matter jurisdiction may be lacking." Bank Julius Baer & Co. Ltd v. Wikileaks, 535 F. Supp. 2d 980, 984 (N.D. Cal. 2008) (citations omitted). Plaintiff expressly states that he has no intention of waiving damages in excess of $10,000 with respect to his EPA claim. Reply at 2. Therefore, if the amount in controversy exceeds $10,000, the Court lacks concurrent jurisdiction over the claim pursuant to the Little Tucker Act, 28 U.S.C. § 1346(a)(2). And, in accordance with 28 U.S.C. 1631, the Court may transfer plaintiff's EPA claim to the Court of Federal Claims, which would have exclusive jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1).

**CIVIL MINUTES – GENERAL**                          **'O'**

| Case No. | 2:17-cv-00929-CAS (KKx) | Date | April 20, 2018 |
|----------|-------------------------|------|----------------|
| Title | CURTIS W. PHILBERT V. ROBERT WILKIE | | |

The Court finds that plaintiff's back-pay calculation is sufficient to demonstrate his claim is worth more than $10,000. Plaintiff's claim is based on the allegation that, in early 2008, all health technicians at the Loma Linda VA Medical Center, with the exception of plaintiff, were promoted from the GS-6 to the GS-7 salary level. SAC ¶¶ 13, 27. The Court previously determined that the SAC alleges a willful violation of the EPA, and therefore the FLSA's three-year statute of limitations may apply under 29 U.S.C. § 255(a). Order at 8–9. The Court accordingly granted defendant's motion to dismiss the EPA claim on statute-of-limitations grounds, but only to the extent plaintiff seeks to recover unpaid wages prior to May 12, 2014, which is three years prior the filing of the initial complaint in this matter. Id. at 9. In his revised submission, plaintiff calculates his back pay from May 11, 2014 through February 11, 2018. See Mot., Ex. 10. Plaintiff has inputted his gross pay and corrected gross pay pursuant to OPM's GS pay tables, yielding a total of $11,662.79 in back pay inclusive of interest. Id. Plaintiff indicates that this figure does not include overtime or fringe benefits such as contributions to his retirement savings plan. Mot. at 3.

Because the amount in controversy with respect to plaintiff's EPA claim exceeds $10,000 and plaintiff declines to waive excess damages, the Court lacks jurisdiction and accordingly transfers the EPA claim to the Court of Federal Claims pursuant to 28 U.S.C. 1631. See De Leon v. England, No. CIV.A. 02-473 (EGS), 2003 WL 21767504, at *2 (D.D.C. Feb. 20, 2003) (transferring plaintiff's EPA claims to Court of Federal Claims, "the only court in which the claim could have been properly brought").

## IV. CONCLUSION

In accordance with the foregoing, plaintiff's motion to transfer his Equal Pay Act claim to the Court of Federal Claims is **GRANTED**.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |