| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 5:17-cv-00929-CAS (KKx) | Date | October 28, 2019 |
| Title | CURTIS W. PHILBERT V. DAVID I. SHULKIN | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Curtis Philbert, Pro Se | | Karen Ruckert, AUSA |

**Proceedings:** DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 72, filed September 20, 2019)

## I. INTRODUCTION

On May 12, 2017, plaintiff Curtis W. Philbert ("Philbert"), proceeding pro se, filed this employment discrimination action against defendant David J. Shulkin, Secretary of the United States Department of Veterans Affairs ("VA"). Dkt. 1. On November 20, 2017, Philbert filed the operative Second Amended Complaint ("SAC") asserting the following claims: (1) disparate treatment on the basis of national origin in violation of Title VII of Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), (2) creation of a hostile work environment in violation of Title VII, (3) retaliation for prior Equal Employment Opportunity activity in violation of Title VII, (4) disparate treatment on the basis of sex in violation of Title VII, and (5) wage discrimination in violation of the Equal Pay Act of 1963, 29 U.S.C. §§ 216 et seq. ("EPA"). Dkt. 26.

On December 13, 2017, Philbert filed a motion to transfer his EPA claim to the United States Court of Federal Claims pursuant to 28 U.S.C. § 1631. Dkt. 29. On December 18, 2017, the VA filed a motion to dismiss Philbert's second and fifth claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 31. On January 23, 2018, the Court issued an order (1) denying Philbert's motion to transfer because it was not clear that the claim exceeded $10,000 which would have deprived the Court of Federal Claims of jurisdiction under the Tucker Act, (2) granting the VA's motion to dismiss Philbert's Title VII hostile work environment claim and dismissing the claim with prejudice, and (3) granting the VA's motion to dismiss Philbert's EPA claim to the extent Philbert seeks to recover unpaid wages prior to May 12, 2014. Dkt. 36.

On March 22, 2018, Philbert filed a motion for reconsideration of the Court's order denying his motion to transfer, attaching a computation based on the back-pay calculator

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 5:17-cv-00929-CAS (KKx) | Date | October 28, 2019 |
| Title | CURTIS W. PHILBERT V. DAVID I. SHULKIN | | |

on the Office of Personnel Management's website to establish an award of backpay of $11,662.79 for his EPA claim. Dkt. 43.

Based on this new information, this Court ordered the EPA claim transferred to the Court of Federal Claims on April 20, 2018. Dkt. 52. The VA then filed a motion to dismiss Philbert's EPA claim on March 31, 2018, which the Court of Federal Claims granted on January 7, 2019 due to lack of subject matter jurisdiction pursuant to 28 U.S.C. §1500. Philbert appealed. On July 12, 2019, the Federal Circuit affirmed the Court of Federal Claims' dismissal of Philbert's complaint. On September 3, 2019, the Court of Federal Claims issued a mandate pursuant to Rule 41 of the Federal Rules of Appellate Procedure terminating the case.

On September 20, 2019, the VA filed the above-captioned motion for summary judgment. Dkt. 72 ("MSJ"). On October 7, 2019, Philbert filed an opposition, dkt. 74 ("Opposition" or "Opp."); and the VA filed a reply on October 7, 2019, dkt. 75 ("Reply").[1] The Court held a hearing on October 28, 2019. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. RELEVANT FACTUAL BACKGROUND[2]

Philbert is a male, Trinidadian veteran hired as a Health Technician at the VA Loma Medical Center on October 2, 2005. Defendant's Statement of Uncontroverted Facts ("DSUF") No. 13. VA employees are hired at a level determined by a merit system known as the General Schedule ("GS") administered by the U.S. Office of Personnel Management ("OPM"). DSUF Nos. 4-5. Under the GS, agencies classify an employee's position based on the difficulty, responsibility, and qualifications required for that position. DSUF Nos. 6-7. There are ten steps to each GS level and an employee can achieve a higher level if he or she applies for a promotion or his or her position is reclassified. DSUF Nos. 9, 11-12.

---

[1] The VA asserted numerous evidentiary objections to exhibits filed concurrently with Philbert's Opposition. Considering the disposition of the VA's motion, the Court hereby **OVERRULES** the VA's objections as moot.

[2] This Factual Background section is based on undisputed facts and disputed facts viewed in the light most favorable to Philbert. While the Court has attempted to consider the factual record with a view to Philbert's pro se status, allegations in the Second Amended Complaint which are not asserted as uncontroverted facts or supported by admissible evidence cannot effectively dispute competent evidence supporting a contrary assertion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 5:17-cv-00929-CAS (KKx) | Date | October 28, 2019 |
| Title | CURTIS W. PHILBERT V. DAVID I. SHULKIN | | |

Philbert was hired as a GS-6, Step 7 Health Technician. DSUF No. 13. While Philbert never applied for promotion to a GS-7 position, his supervisors—Marlene Martin, Donald Matthews, and Dr. Antonio Robles—requested on December 21, 2011 that Philbert's position be reclassified to GS-7 because of his satisfactory job performance. DSUF Nos. 40, 42-45. John Ulery of the VA's classification staff therefore evaluated Philbert's position description utilizing industry procedures and standards, including use of the OPM Classifier's Handbook. DSUF No. 46. John Ulery's point-based evaluation of Philbert's position resulted in a total of 1290 points, which converts to a GS-6 according to the OPM Classifier's Handbook. DSUF Nos. 50-52.

John Ulery did not meet Philbert before his evaluation and was unaware of Philbert's national origin or gender because none of the documents he reviewed referenced Philbert's name, gender, or nationality. DSUF Nos. 48.[3] Philbert testified that he does not know whether Marlene Martin, Donald Matthews, or Dr. Antonio Robles were aware that he is of Trinidadian origin. DSUF No. 72. But each of these supervisors confirmed that they were not aware of Philbert's Trinidadian origin at any time before Philbert filed the instant claim. Marlene Martin Declaration at ¶ 6; Donald Matthews Declaration at ¶ 6; Dr. Antonio Robles Declaration at ¶ 7.

In 2007, approximately four years before John Ulery's evaluation of Philbert's position, Philbert filed two complaints with the Equal Employment Opportunity Commission ("EEOC") which concerned his former supervisor, Ellice Montez. DSUF No. 56. John Ulery, Marlene Martin, and Donald Matthews were not named in these complaints, were not interviewed regarding these complaints, and no VA employees made any negative comments to Philbert about these complaints. DSUF Nos. 57-58. Dr. Antonio Robles was interviewed regarding Philbert's second EEOC complaint, which resulted in Dr. Robles reprimanding and reassigning Ellice Montez. DSUF Nos. 66-70.

During Philbert's employment at the VA, other Health Technicians applied for and received promotions, or their positions were reclassified to a higher GS level. Michael Wilkerson, an African-American male, was reclassified as a GS-7 Health Technician in October 2006. DSUF Nos. 28, 37. Marcus Hayes, also an African-American male, was

---

[3] Philbert disputes most facts attested to by John Ulery by stating that he "did the assessment on inaccurate information submitted to him by the perpetrators of discrimination." Plaintiff's Answer to Defendant's Uncontroverted Facts (Dkt. 75) at ¶¶ 47-50. Philbert offers no evidence in support of this objection and the Court therefore overrules it.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 5:17-cv-00929-CAS (KKx) | Date | October 28, 2019 |
| Title | CURTIS W. PHILBERT V. DAVID I. SHULKIN | | |

promoted to a GS-8 Health Technician after he applied in March 2009. DSUF Nos. 31-32, 37. Gloria Assay, a woman, worked as a GS-5 Health Technician from September 2002 to August 2012. DSUF No. 35.

## III.   LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 5:17-cv-00929-CAS (KKx) | Date | October 28, 2019 |
| Title | CURTIS W. PHILBERT V. DAVID I. SHULKIN | | |

## IV. DISCUSSION

The VA moves for summary judgment on Philbert's remaining claims: disparate treatment based on national origin and sex, retaliation, and EPA violations.

### A. Disparate Treatment Based on National Origin and Sex.

Title VII prohibits employers from discriminating against an employee based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). An employee suffers "disparate treatment" under Title VII when he is "singled out and treated less favorable than others similarly situated" because of his membership in a protected class. McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1121 (9th Cir. 2004) (internal quotations omitted). To prove disparate treatment under Title VII, a plaintiff has the burden of proving a discriminatory motive on the part of the defendant. Id. A plaintiff may show intent by offering either "direct or circumstantial evidence demonstrating that a discriminatory reason more likely than not motivated [the employer]." Id. at 1122. "Direct evidence" is evidence which, if believed, proves a discriminatory motive without inference or presumption. Coghlan v. Am. Seafoods Co. LLC, 413 F.3d 1090, 1095 (9th Cir. 2005). "Circumstantial evidence, in contrast, is evidence that requires an additional inferential step to demonstrate discrimination." Id. To prove discriminatory intent through circumstantial evidence, a plaintiff must make a "specific" and "substantial" showing "that tends to show that the employer's proffered motives were not the actual motives because they are inconsistent or otherwise not believable." Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1222 (9th Cir. 1998).

A plaintiff may also demonstrate discriminatory intent by relying on the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Under this framework, a plaintiff can establish a *prima facie* case of Title VII discrimination at the summary judgment stage by offering proof that (1) he belongs to a protected class; (2) he was performing his job satisfactorily; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably or other circumstances surrounding the adverse employment action give rise to an inference of discrimination. Davis v. Team Elec. Co., 520 F.3d 1080, 1089 (9th Cir. 2008). If a plaintiff establishes these factors, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its allegedly discriminatory conduct. Vasquez v. Cty. Of Los Angeles, 349 F.3d 634, 640 (9th Cir. 2003). If the defendant provides such a reason, the burden shifts back to the plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 5:17-cv-00929-CAS (KKx) | Date | October 28, 2019 |
| Title | CURTIS W. PHILBERT V. DAVID I. SHULKIN | | |

show that the employer's proffered reason were not its actual reasons, but a pretext for discrimination. Id.

As noted above, Philbert claims that his employer failed to promote him or reclassify his position from GS-6 to GS-7 for discriminatory reasons based on his Trinidadian national origin and male gender. The VA contends that Philbert's Opposition and attendant summary judgment evidence fail to offer *any* direct evidence of discriminatory intent on the VA's behalf, and that Philbert's Opposition reflects his intention to rely solely on the three-step McDonnell Douglas burden-shifting framework to establish a *prima facie* case. Reply at pp. 1-2.

Philbert purports to dispute many of the VA's asserted uncontroverted facts pertinent to potential discriminatory intent but either does not discuss issues related to each fact or fails to cite evidence in support of his claims. Answer to Defendant's Uncontroverted Facts (Dkt. 75).[4] Philbert's Opposition similarly does not cite to the record or respond directly to the VA's evidence establishing lack of discriminatory intent. Finally, Philbert's Separate Statement of Proposed Findings of Fact (Dkt. 76) lists "facts" that either do not pertain to any potential discriminatory intent or simply describe a document without explaining how it it is relevant to Philbert's *prima facie* case. While these factors alone support a finding of no discriminatory intent and warrant summary judgment due to Philbert's failure to properly cite summary judgment evidence, the Court proceeds to determine if any evidence before the Court could support Philbert's claims. Abassi v. I.N.S., 305 F.3d 1028, 1032 (9th Cir. 2002) ("We have consistently held that procedural requirements should be more liberally construed for pro se litigants.").

Philbert's Opposition (Dkt. 74); Answer to the VA's Uncontroverted Facts (Dkt. 75); Separate Statement of Proposed Findings of Fact (Dkt. 76); and Declaration (Dkt. 77) provide no evidence of discrimination based on Philbert's national origin or gender. Philbert offers nothing more than conclusory claims of a concerted, discriminatory plan without citing any factual content that could conceivably support the requisite showing that John Ulery's adverse reclassification determination or the VA's policy to only grant promotions to employees that apply for them was guided by discrimination based on Philbert's national origin or gender. In fact, Philbert's own testimony and evidence relied on by the VA demonstrate that Philbert's supervisors were not aware of his Trinidadian

---

[4] The Court has considered each of Philbert's evidentiary objections. Unless otherwise addressed in this Order, the Court finds them to be without merit and therefore OVERRULES them.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 5:17-cv-00929-CAS (KKx) | Date | October 28, 2019 |
| Title | CURTIS W. PHILBERT V. DAVID I. SHULKIN | | |

origin and actively supported Philbert's elevation to a GS-7 position. DSUF No. 72; Marlene Martin Declaration at ¶ 6; Donald Matthews Declaration at ¶ 6; Dr. Antonio Robles Declaration at ¶ 7.

Because Philbert has failed to offer direct or even circumstantial evidence of discriminatory intent, the Court will consider the three-step McDonnell Douglas analysis.

The VA argues that summary judgment is warranted on Philbert's Title VII claims because—among other reasons— Philbert has not and cannot point to evidence demonstrating that similarly situated employees outside of his protected class were treated more favorably. MSJ at p. 12 (citing Pejic v. Hughes Helicopters, 840 F.2d 667, 673 (9th Cir. 1998). Specifically, the VA claims that Philbert has offered no evidence to demonstrate that similarly situated employees outside his protected class—*i.e.*, women and non-Trinidadian Health Technicians with similar qualifications—achieved a positive position reclassification or a promotion without applying. Reply at p. 4.

In addition to Philbert's purported lack of summary judgment evidence to support the fourth element of his *prima facie* case, the VA also points affirmatively to evidence establishing that Health Technicians within Philbert's protected class (*e.g.*, men and specifically African-American men) were promoted or had their positions reclassified from GS-6 to GS-7 and that individuals outside Philbert's protected class (*e.g.*, women) were compensated less than Philbert due to inferior position classifications. DSUF Nos. 27-37.

Without citing evidence, Philbert's Opposition counters that "I am being paid at the lower GS 6 level than female comparators who are paid at the higher GS 7 level" and that other unnamed Health Technicians "were promoted to GS 7 position[s]." Opp. at pp. 10-11. In an apparent objection to Marlene Martin's Declaration, Philbert further states that the position descriptions "of comparators who were females, and all the GS 6 Health Technicians outside my protected class… were updated. They all got promoted." Brief in Response to [sic] Marlene Martin Declaration at p. 5 (Dkt. 78). Again, however, Philbert cites no competent evidence to support these statements: Philbert's cited exhibits do not establish different treatment to similarly situated individuals outside Philbert's protected class or circumstances giving rise to an inference of discrimination. Philbert does not even identify the alleged comparators outside his protected class that purportedly received more favorable treatment.

Philbert's failure to present evidence of more favorable treatment to similarly situated individuals outside Philbert's protected class and the VA's affirmative evidence demonstrating that no such favorable treatment occurred leads the Court to conclude that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'   JS-6** |
| Case No. | 5:17-cv-00929-CAS (KKx) | Date | October 28, 2019 |
| Title | CURTIS W. PHILBERT V. DAVID I. SHULKIN | | |

Philbert has presented no genuine issue of material fact to support the fourth element of his *prima facie* case, warranting summary judgment on Philbert's Title VII claims.[5] The Court therefore need not consider the VA's arguments regarding whether Philbert has satisfied the additional three elements.

Even if Philbert established a *prima facie* case, the VA argues that it is entitled to summary judgment on Philbert's discrimination claim because it has presented a legitimate, nondiscriminatory reason for declining to reclassify Philbert's position or promote Philbert. MSJ at pp. 11-12. Namely, the VA cites the standard, regimented, points-based classification process undertaken by John Ulery in determining that Philbert's position equates to a GS-6. DUSF No. 46-53; John Ulery Declaration. The VA further points to undisputed declarations and Philbert's own testimony establishing that: (1) Philbert needed to apply for a promotion to receive a promotion, and (2) Philbert never applied for a promotion. Mark D. Willis Declaration at ¶ 6, 19; Philbert Dep at 20:11 – 25:12; DSUF No. 40. Philbert offers no competent evidence or authority to counter the VA's substantial evidence demonstrating that VA has satisfied its burden of production for the purposes of satisfying the second *McDonnell Douglas* step. Yartzoff v. Thomas, 809 F.2d 1371, 1376 (9th Cir. 1987) (a defendant "need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus.") (citations omitted).

Hence, the VA has offered a legitimate, non-discriminatory reason for declining to elevate Philbert to a GS-7 position. The Court will therefore proceed to the final stage of the *McDonnell Douglas* framework.

To satisfy the third *McDonnell Douglas* step, Philbert must point to "substantial additional evidence from which a trier of fact could infer the articulated reasons for the adverse employment action were untrue or pretextual." Loggins v. Kaiser Permanente Internat., 151 Cal. App. 4th 1102, 1113 (2007). Under this standard, summary judgment should be granted "if the record conclusively revealed some other, non-discriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted

---

[5] Philbert's assertion at oral argument that comparators were promoted without applying has no evidentiary basis. First, Philbert does not identify these alleged comparators. Second, the VA's evidence establishing that no employee is promoted (as opposed to reclassified) without applying is uncontroverted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 5:17-cv-00929-CAS (KKx) | Date | October 28, 2019 |
| Title | CURTIS W. PHILBERT V. DAVID I. SHULKIN | | |

independent evidence that no discrimination had occurred." Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 148 (2000) (citations omitted).

Philbert's Opposition and supporting documents set forth uncited, conclusory statements in support of the contention that the VA's proffered legitimate reasons are pretextual but offer no competent evidence that effectively counteracts the evidence presented by the VA in support of a legitimate, nondiscriminatory reason for declining to reclassify Philbert's position to a GS-7. Philbert's subjective beliefs are insufficient to satisfy Philbert's burden. And other uncontroverted evidence submitted by the VA further suggests that the VA's proffered nondiscriminatory reasons were not pretextual: (1) two African-American male Health Technicians were elevated from GS-6 to GS-7; (2) a female Health Technician woman worked at a relatively lower salary as a GS-5 Health Technician without elevation for nearly a decade; (3) Philbert was hired and consistently commended and rewarded by the supervisors he accuses of discrimination; (4) Philbert's supervisors recommended him for reclassification; and (5) Philbert never applied for a promotion to a GS-7 position despite the VA's policy that an application is necessary to achieve promotion. These facts lend further support to the VA's proffered nondiscriminatory reasons for declining to elevate Philbert to a GS-7 position.

Accordingly, the Court concludes that Philbert does not provide admissible evidence from which a trier-of-fact could conclude that the VA's proffered nondiscriminatory reasons for declining to reclassify Philbert's position or promote Philbert are pretextual. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1063 (9th Cir. 2002) (in considering an employer's proffered reason for adverse employment action, "courts only require that an employer honestly believed its reason for its actions, even if its reason is foolish or trivial or even baseless.").

Hence, even if Philbert could make out a *prima facie* case for discrimination, the Court GRANTS the VA's motion for summary judgment on Philbert's Title VII discrimination claims.

### B. Philbert's Retaliation Claim

Philbert's retaliation claim is also subject to the three-step analysis of McDonnell Douglas. Yartzoff, 809 F.2d at 1375. A *prima facie* case of retaliation consists of a showing that (1) plaintiff was engaged in an activity protected under Title VII, (2) the employer subjected plaintiff to an adverse employment decision, and (3) there was a causal link between (1) and (2). Id. If a plaintiff can establish a *prima facie* case of retaliation, the defendant employer then has the burden of producing a legitimate, nonretaliatory

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 5:17-cv-00929-CAS (KKx) | Date | October 28, 2019 |
| Title | CURTIS W. PHILBERT V. DAVID I. SHULKIN | | |

reason for the employment decision. Id. If this burden is satisfied, the burden then shifts back to plaintiff to show that defendant's proffered legitimate reason is pretextual. Id.

The Court finds that Philbert is unable to demonstrate a *prima facie* case of retaliation because he fails to proffer evidence that John Ulery knew about Philbert's prior EEO activity when he determined that Philbert's position did not qualify for a reclassification to G-7. Indeed, there is no evidence that the documents John Ulery used in his analysis contained information concerning Philbert's prior complaints that could have impacted John Ulery's determination. And Philbert has presented no evidence that his supervisors negatively influenced John Ulery's point-based analysis in any way. To the contrary, it is undisputed that the supervisors Philbert claims discriminated against him were satisfied with Philbert's job performance and affirmatively applied for Philbert's position to be reclassified to a higher level.[6] While Philbert avers that his supervisors were "perpetrators of discrimination" who supplied John Ulery with "inaccurate information" in an attempt to deny Philbert reclassification, Philbert has pointed to no evidence to support these accusations, let alone evidence sufficient to rebut the significant proof offered in support of John Ulery's determination. Similarly, Philbert offers nothing more than conjecture and subjective beliefs to suggest that the VA prevented Philbert's promotion to a GS-7 position. As mentioned above, Philbert admits he did not apply for a promotion, and offers no evidence to dispute that a VA candidate's application is a prerequisite for achieving promotion. Hence, Philbert fails to demonstrate a *prima facie* case of retaliation, warranting summary judgment on that claim.

Even if Philbert could establish a *prima facie* case, the VA has provided a legitimate, nonretaliatory reason for declining to reclassify Philbert's position or promote Philbert: Philbert never applied for a promotion and the VA instituted a rigorous, standard, point-based evaluation process to determine that Philbert's position should be classified as GS-6. And as discussed above regarding Philbert's claim for discrimination on the basis of

---

[6] Philbert stated at oral arguments that the VA's failure to elevate him while his complaints were pending is evidence of retaliation. But there is no evidence that two of his three supervisors—Marlene Martin and Donald Matthews—were aware of these complaints. And Philbert's third supervisor—Dr. Antonio Robles—supported Philbert's elevation. Indeed, the evidence shows that not only did all three of Philbert's supervisors recommend reclassification of Philbert's position, but that they provided him with an application for a promotion that Philbert never completed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 5:17-cv-00929-CAS (KKx) | Date | October 28, 2019 |
| Title | CURTIS W. PHILBERT V. DAVID I. SHULKIN | | |

national origin and sex, Philbert has not satisfied his burden of showing that the VA's proffered reasons are pretextual.

The Court therefore GRANTS the VA's motion for summary judgment on Philbert's retaliation claim.

### C. Philbert's EPA Claim

The Court now examines Philbert's EPA claim premised on the allegation that the VA paid him at a lesser rate than his female comparators.

The EPA "prohibits an employer from engaging in sex-based wage discrimination by paying different sexes within any establishment for jobs that require substantially equal skill, effort and responsibility and which are performed under similar working conditions." Foster v. Arcata Assocs., Inc., 772 F.2d 1453, 1463-64 (9th Cir. 1985) (citing Corning Glass Works v. Brennan, 417 U.S. 188, 195 (1974). To prove his EPA claim, Philbert must provide evidence that his work during the actionable period carried equal skill, effort, and responsibility as those of his female comparators and that he received materially less compensation because of his gender. Corning, 417 U.S. at 195. Once a *prima facie* case is established, the burden shifts to the VA to show that the disparate payment is justified under one of the following exceptions: (1) a seniority system; (2) a merit system; (3) a system which measures earnings by quantity or quality of production; or (4) a differential based a factor other than sex. Id. at 196.

Philbert presents no evidence that other female Health Technicians perform substantially the same work, or work of comparative value, as Philbert. Id. at 195-197 (describing requirements for EPA violation); 29 C.F.R. § 1620.15 ("Skill includes consideration of such factors as experience, training, education, and ability."). As discussed above, Philbert fails to adequately identify his female comparators or detail disparate wages, let alone does he provide the requisite evidence establishing disparate wages for substantially similar work. Philbert's EPA claim fails for this reason alone.

Even if Philbert established a *prima facie* case, the VA argues that it has produced sufficient evidence to support application of two exceptions which operate as complete defenses: (1) Philbert was paid according to a merit system, and (2) any pay differential was based on factors other than sex. MSJ at pp. 16-17; Reply at pp. 8-9.

Regarding the first exception, the VA has set forth, and Philbert has not disputed, evidence establishing that the GS system employed by the VA is a highly structured merit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | 'O' | JS-6 |
| Case No. | 5:17-cv-00929-CAS (KKx) | Date | October 28, 2019 | |
| Title | CURTIS W. PHILBERT V. DAVID I. SHULKIN | | | |

system that is widely employed by federal agencies. John Ulery's declaration and evidence reflecting evaluation of Philbert's position further demonstrates that John Ulery classified Philbert's position in compliance with this merit system. The VA has therefore established that reliance on the structured GS system, in combination with application of that system in Philbert's case, effectuates a policy that the VA reasonably used to coordinate its classification and attendant salary determinations based on merit. Thomas v. United States, 86 Fed. Cl. 633, 640, aff'd, 351 Fed. Appx. 433 (Fed. Cir. 2009) ("The government presented cogent evidence that the [] merit system 'was an organized and structured procedure by which employees were evaluated systematically and an accordance with a predetermined criterion.'") (citations omitted). Philbert's EPA claim fails for this additional reason.

Finally, the VA has established that any possible pay differential was based on factors other than sex, another complete defense to Philbert's EPA claim. As previously discussed, John Ulery was not aware of Philbert's gender while conducting his reclassification analysis because the materials he reviewed did not mention Philbert's name or gender. The VA has produced evidence demonstrating that the determination not to reclassify Philbert's position to GS-7 was based on application of a merit-based GS system, not Philbert's gender. And Philbert never applied for a promotion, despite the VA's requirement that candidates competitively apply for a promotion to achieve one. The VA has established that this policy is gender-neutral and Philbert's claim that such a policy was unfairly applied to him due to his male gender is unsupported.

Accordingly, the Court GRANTS the VA's motion for summary judgment on Philbert's EPA claim.

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** the VA's motion for summary judgment.

**IT IS SO ORDERED**.

| | 00 | : | 17 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |